Joseph E. COVILLION, Plaintiff

v.

John ALSOP, et al., Defendants

No. 00–CV–129–B–S.

United States District Court,
D. Maine.

May 15, 2001.

Joseph E. Covillion, Prospect, CT, for Pro se.

John J. Wall, III, Monaghan, Leahy, Hochadel & Libby, Portland, ME, for Defendants.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

SINGAL, District Judge.

Before the Court is a Motion for Summary Judgment filed by Defendants Stephen Giggey and James Forrester. (Docket # 33). For the following reasons, the Court GRANTS Defendants' Motion.

## I. STANDARD OF REVIEW

A federal court grants summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must view the facts "in the light most amicable to the party contesting summary judgment, indulging all reasonable inferences in that party's favor." *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993). The Court, however, will not pay heed to "conclusory allegations, improbable inferences [or] unsupported speculation." *Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990). Applying this standard, the Court lays out the relevant facts below.

## II. BACKGROUND

Plaintiff Joseph E. Covillion, acting pro se, brings suit against thirteen defendants, including his ex-wife, Anne Covillion, the State of Maine and others, for allegedly orchestrating a campaign of abuses and indignities against him. By a previous Order, the Court affirmed the Magistrate Judge's Recommended Decision to dismiss nearly all of Mr. Covillion's claims. (*See* Order Aug. 31, 2000 (Docket # 17).) The only claims remaining are those against certain police officers as described in paragraph 26 of his Second Amended Complaint (Docket # 12), modified by his Motion to Revise Paragraph 26 (Docket # 19).

The relevant portion of Paragraph 26 alleges that on or about October 6, 1999, a court security officer and two sheriffs assaulted Mr. Covillion, rendering him comatose until approximately midnight that evening, and that they placed him in a cell that was freezing cold. In the Motion to Revise Paragraph 26, granted by the Magistrate Judge, Plaintiff clarified that the three law enforcement officers were James Forrester, Stephen Giggey and John Doe.

(*See* Docket # 19.)[1] At the time, Forrester worked as a court security officer and Giggey was an administrator of the Somerset County Jail.

On October 6, 1999, Mr. Covillion was arraigned in Maine District Court for violating a protection order that had been issued on behalf of Anne Covillion. Judge Douglas Clapp presided over the arraignment. Court Officer Forrester was serving as bailiff. At the end of the arraignment, Judge Douglas Clapp ordered that Mr. Covillion be taken into custody.

Mr. Covillion claims that Forrester did "rush or charge Joseph E. Covillion from across the courtroom and violently strike him with full body weight." (Pl. Resp. Br. at 2–3 (Docket # 39).) Mr. Covillion claims that this alleged assault rendered him comatose for several hours. He also claims that he verbally objected when Forrester subsequently placed handcuffs on him. Mr. Covillion testified at his deposition that after the conclusion of the state court proceedings, he walked with police officers to the Somerset County Jail. Other than causing him to fall into a coma, Mr. Covillion does not claim that the alleged force caused him any pain or injury.

Subsequently, the police placed Mr. Covillion in a prison cell "where they turned the freezer ON ...." (2nd Am. Compl. ¶ 26 (Docket # 12).) Mr. Covillion's filings do not shed any light on how cold his jail cell was, whether the temperature caused him any harm or who reduced the temperature. By naming Giggey, an administrator of the jail, as a defendant, Plaintiff implies that Giggey was responsible for cooling the cell.[2]

In response to these claims, Defendants filed the instant Motion for Summary Judgment with a Statement of Material Facts ("SMF") (Docket # 34). Pursuant to Local Rule 56(d), a party opposing a summary judgment motion must provide a responsive statement of material facts that rebuts the factual allegations made by the moving party in its statement of material facts. If the nonmovant fails to controvert an allegation, it is deemed admitted. *See, e.g.,* Local Rule 56(e); *Barstow v. Kennebec County Jail,* 115 F.Supp.2d 3, 4 & n. 3 (D.Me.2000) (holding that Local Rule 56(e) applies to pro se litigants). In the present action, Plaintiff has not offered a statement of material facts that responds to Defendant's SMF.

For example, Defendant's SMF includes citations to an affidavit filed by Judge Clapp, who stated that Plaintiff was very disruptive during the entire arraignment and that he physically resisted being placed in handcuffs. Defendants' SMF states that "Judge Clapp categorically denies that Mr. Forrester charged Mr. Covillion from across the courtroom and struck Mr. Covillion with his body." (Def. SMF

---

1. Defendants Giggey and Forrester have asked the Court to dismiss Plaintiff's claims against Defendant John Doe because Plaintiff has not identified or served John Doe anytime since filing suit on June 21, 2000. Because Plaintiff has delayed more than 120 days after the filing of the complaint to serve or otherwise identify John Doe, the Court dismisses all claims against John Doe without prejudice. *See* Fed.R.Civ.P. 4(m); *Figueroa v. Rivera,* 147 F.3d 77, 82–83 (1st Cir.1998); *Glaros v. Perse,* 628 F.2d 679, 685 (1st Cir.1980).

2. In his Response Brief, Plaintiff also alleges that he was denied his prescribed medications while in jail. Not only does Plaintiff fail to make this claim in any of the many versions of his complaint, but also he fails to rebut averments in Defendants' Statement of Material Facts that police officials offered him medications on the evening of October 6th but that he refused to take them, and that he was given and accepted medication the next day while in jail.

¶ 21 (Docket # 34).)[3] In his response brief, Plaintiff includes a cursory "Statement of Facts" wholly unresponsive to the Judge's retelling of the story, as reiterated in Defendant's SMF. In an affidavit, Plaintiff does counter portions of Judge Clapp's affidavit, however "[t]he court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." Local Rule 56(e).

Furthermore, Defendant's SMF includes a citation to an affidavit sworn to by Stephen Foss, a nurse who was present in Plaintiff's holding cell during the evening in question, who stated that the cell was not unusually cool. In fact, the temperature in the cell is maintained by a thermostat which also controls the heat for the jail's control room, booking room and visitors' room. The SMF also reflects Foss's testimony that Foss interacted with Mr. Covillion that evening and that he refused to take medication. Defendant's SMF also informs the Court that Defendant Giggey specifically denies reducing the heat in Plaintiff's cell. Again, Plaintiff's Statement of Facts does not respond to these allegations. Pursuant to Local Rule 56,

Defendants have offered a Statement of Material Facts replete with record citations, not properly controverted by Plaintiff, and therefore the Court must deem Defendant's SMF as admitted.

## III. DISCUSSION

 The Court treats Plaintiff's allegations as claims of excessive force actionable pursuant to 42 U.S.C. § 1983.[4] Plaintiff complains of two distinct events: excessive force while being placed in custody, and suffering cold temperatures in a jail cell. The Court views the first occurrence as an alleged use of excessive force during an arrest, which is analyzed under the Fourth Amendment's test of reasonable seizures. *See, e.g., Graham v. Connor,* 490 U.S. 386, 389–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).[5] The Court considers the second transaction to be an alleged use of excessive force while detained awaiting trial, which is analyzed according to the Eighth Amendment's test of cruel and unusual punishment. *See, e.g., Hudson v. McMillian,* 503 U.S. 1, 7–9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

---

3. Judge Clapp stated in his affidavit that

 The Court officer did not charge Mr. Covillion from across the courtroom and violently strike him with full body weight. Officer Forrester did not rush Covillion. Mr. Forrester was standing beside Mr. Covillion at the podium while the arraignment was in progress. When I informed Mr. Covillion that he was in custody, Mr. Forrester, as he always does, walked calmly with Mr. Covillion from the podium to the prisoner dock area.
 (Judge Douglas Clapp Aff. ¶ 10 (Docket # 37).)

4. To the extent that Plaintiff may make state common law assault claims against Defendants, the Court declines to extend jurisdiction over such claims because the Court herein finds meritless Plaintiff's federal claims.

5. Defendants argue that because Forrester placed Mr. Covillion in handcuffs at the end of a courtroom proceeding, such apprehension is not a classic example of an arrest, so the Court should apply the more rigorous substantive due process standard rather than the Fourth Amendment standard. Such an argument, however, is baseless. Clearly, Forrester "seized" Plaintiff when he placed handcuffs on him, and therefore the Fourth Amendment reasonableness test applies. *See, e.g., Landol–Rivera v. Cruz Cosme,* 906 F.2d 791, 796 (1st Cir.1990) ("all claims that law enforcement officials have used excessive force in the course of an arrest *or other seizure* should be analyzed under the Fourth Amendment...") (emphasis added); *see also County of Sacramento v. Lewis,* 523 U.S. 833, 842, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998) ("we have 'always been reluctant to expand the concept of substantive due process...'").

Police officers are permitted to use force to arrest a person, so long as the force is objectively reasonable under the totality of the circumstances. *See, e.g., Graham*, 490 U.S. at 389–94, 109 S.Ct. 1865. Even indulging all reasonable inferences in Plaintiff's favor, he has failed to state a claim that Forrester acted unreasonably. Even though Plaintiff claims that Forrester caused him to become comatose during the arrest, Plaintiff also verbally objected to being placed in handcuffs, he walked to the jailhouse, and he refused to take medicine, apparently all while he was allegedly in a coma. The Court must view the facts in a light favorable to Plaintiff, but the Court need not entertain impossible allegations unsupported by the record, and Plaintiff never stated in any affidavit or statement of facts that Defendants caused him to become comatose.[6] The Court finds that the record does not demonstrate that Plaintiff fell comatose on October 6, 1999. Moreover, the Court deems as admitted Judge Clapp's averments that Plaintiff physically and verbally resisted arrest and that Forrester did not rush across the room and ram into Plaintiff. The Court finds that Defendant Forrester acted objectively reasonably when taking Plaintiff into custody. *See, e.g., Gaudreault v. Municipality of Salem*, 923 F.2d 203, 206 (1st Cir.1990) (finding reasonable police officers' use of limited force when plaintiff resisted arrest).

Regarding Plaintiff's treatment while at Somerset County Jail, law enforcement officials may use physical force to maintain order in a prison, but they may not maliciously or sadistically cause harm. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

Also, prison officials cannot exhibit "deliberate indifference" toward a prisoner's health. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Plaintiff fails to allege that Forrester or Giggey were responsible for cooling his jail cell, and the scant factual allegations he makes do not rise to the level of malicious or sadistic behavior nor deliberate indifference toward his health. Moreover, the Court deems as admitted the portions of Defendants' SMF alleging that the cell was not unusually cold and that Giggey did not reduce the heat in Plaintiff's cell.

## IV. CONCLUSION

Based on the above discussion, Plaintiff has failed to make a case that Defendants used excessive force while taking him into custody or while holding him in jail.[7] The Court GRANTS Defendants' Motion for Summary Judgment. Also, the Court DISMISSES without prejudice Plaintiff's claims against John Doe.

SO ORDERED.

---

6. Rather, only in his complaint does he aver that "The court security guard forced me into a comma [sic] that lasted until about midnight." (2nd Am. Compl. ¶ 26 (Docket # 12).)

7. The Court notes that Forrester and Giggey also proffer arguments that they are entitled to qualified immunity, which the Court does not reach in light of its holding.