

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2003

# Chapman v. Comm of PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 99-3278

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Chapman v. Comm of PA" (2003). *2003 Decisions*. Paper 141.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/141

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Case No: 99-3278
_____

J. TODD CHAPMAN, a/k/a James Todd Chapman

v.

COMMONWEALTH OF PENNSYLVANIA;
MICHAEL FISHER, sued in his official capacity as Attorney General
of the Commonwealth of Pennsylvania;
REBECCA BICKLEY, sued in her individual capacity and in her
official capacity as Director of the Bureau of Driver
Licensing, Department of Transportation of the Commonwealth
of Pennsylvania; MICHAEL DAWIDA, sued in his official
capacity as Allegheny County Commissioner; LAWRENCE DUNN,
sued in his official capacity as Allegheny County
Commissioner; ROBERT CRANMER, sued in his official capacity
as Allegheny County Commissioner; ROBERT COLVILLE, sued in
his individual capacity and in his former official capacity
as District Attorney of Allegheny County; CLAIRE
CAPRISTO, sued in her individual capacity and in her
official capacity as Assistant District Attorney Allegheny
County; SANDRA PRUEHS, sued in her individual capacity and
in her official capacity as Assistant District Attorney of
Allegheny County; ANAGARD STOCK, sued in her individual
capacity and in her official capacity as Assistant District
Attorney of Allegheny County; DEBRA JUGAN, sued in her
individual capacity and in her official capacity as
Assistant District Attorney of Allegheny County; JOHN DOE
GOODWIN, sued in his individual capacity and in his official
capacity as Assistant District Attorney of Allegheny County;
EUGENE RICUITTI, sued in his individual capacity and in his

1

official capacity as Assistant District Attorney of Allegheny County; MICHAEL STRIELLY, sued in his individual capacity and in his official capacity as Assistant District Attorney of Allegheny County; MARK TRANQUILLI, sued in his individual capacity and in his official capacity as Assistant District Attorney of Allegheny County; PATRICK NIGHTINGALE, sued in his individual capacity and in his official capacity as Assistant District Attorney of Allegheny County; RAYMOND A. NOVAK, sued in his individual capacity and in his official capacity as Judge of the Court of Common Pleas of Allegheny County; DONALD MACHEN, sued in his individual capacity and in his official capacity as Judge of the Court of Common Pleas of Allegheny County; LOUIS COLES, sued in his individual capacity and in his official capacity as Magistrate Judge of the Traffic Court of the City of Pittsburgh; WILLIAM SIMMONS, sued in his individual capacity as Chief Magistrate Judge of the City of Pittsburgh; MICHAEL MACHEN, sued in his individual capacity and in his former official capacity as Director of the Office of the Public Defender of Allegheny County; KEVIN G. SASINOSKI, sued in his individual capacity and in his official capacity as Director of the Office of the Public Defender of Allegheny County; MITCHELL KAUFMAN, sued in his individual capacity and in his official capacity as Chief of the Appellant division of the Office of the Public Defender of Allegheny County; JOHN FENNER, sued in his individual capacity and in his official capacity as a Public Defender of Allegheny County; JAMES DURKIN, sued in his individual capacity and in his official capacity as a Public Defender of Allegheny County; CANDACE CAIN, sued in her individual capacity and in her official capacity as a Public Defender of Allegheny County; CHARLES T. CLARK, sued in his individual capacity and in his official capacity as a Public Defender of Allegheny County; MARY OGDEN, sued in her individual capacity and in her official capacity as a typist in the Office of the Public Defender of Allegheny County; CAROL MOSS, sued in her individual capacity and in her official capacity as Minute Clerk in the Court of Common Pleas of Allegheny County; KAREN NORKUS, sued in her individual capacity and in her official capacity as Minute Clerk in the Court of Common

2

Pleas of Allegheny County; CHRISTINE MARTONE, sued in her individual capacity and in her official capacity as Chief Psychiatrist in the Court of Common Pleas of Allegheny County; SABOTO STILE, sued in his individual capacity and in his official capacity as Psychiatrist in the Court of Common Pleas of Allegheny County; JOYCE LEE ITKIN, sued in her individual capacity and in her official capacity as Clerk of Courts of Allegheny County; THOMAS FRANK, sued in his individual capacity and in his official capacity as Court Reporting Network Officer; JOSEPH ROSE, sued in his individual capacity and in his official capacity as Parole Officer of the Court of Common Pleas of Allegheny County; JOLYNNE ROSS, sued in her individual capacity and in her official capacity as Director of Court Reporters of Allegheny County; MARK CORBIN, sued in his individual capacity and in his official capacity as Official Court Reporter of Allegheny County; SUSAN E. LLOYD, sued in her individual capacity and in her official capacity as Official Court Reporter of Allegheny County; KIMBERLY HOLBEIN, sued in her individual capacity and in her official capacity as Official Court Reporter of Allegheny County; LOURIE KASARDA, sued in her individual capacity and in her official capacity as Official Court Reporter of Allegheny County; WENDY J. DODDS, sued in her individual capacity and in her official capacity as Official Court Reporter of Allegheny County; LISA VAN SCYOC, sued in her individual capacity and in her official capacity as Official Court Reporter of Allegheny County; TERESA BENSON, sued in her individual capacity and in her official capacity as Official Court Reporter of Allegheny County; JANET CAMPBELL, sued in her individual capacity and in her official capacity as Official Court Reporter of Allegheny County; EUGENE COON, sued in his individual capacity and in his official capacity as Sheriff of Allegheny County; MARK ZUGER, sued in his individual capacity and in his official capacity as Chief of Police of the Borough of Homestead; JOHN MCDONOUGH, sued in his individual capacity and in his official capacity as Sergeant of Police of the Borough of Homestead; CARL MARCUS, sued in his individual capacity as an attorney; MARILYN AL KHAFIZ, sued in her individual capacity as an attorney; ST. FRANCIS

3

CENTRAL MEDICAL CENTER, a corporation which operates in Allegheny County; JANE DOE BROWN, a nurse at St. Francis CMC; DR. JOHN DOE MINSHULL, a physician at St. Francis CMC; TOM MURPHY, sued in his official capacity as Mayor of the City of Pittsburgh; SALVATRE SIRABELLA, sued in his official capacity as the Deputy Mayor of the City of Pittsburgh; ROBERT W. MCNEILLY, JR., sued in his official capacity as Chief of Police, City of Pittsburgh; EARL BUFORD, former Chief of Police, City of Pittsburgh, sued in his individual capacity; FRATERNAL ORDER OF POLICE, FORT PITT LODGE NO. 1, c/o Marshall Hynes, President; JOHN DOE ALLMAN, Pittsburgh Police Officer; BART SCALA, Pittsburgh Police Officer; CHESTER KEPKA, Pittsburgh Police Officer; JOHN DOE MIHALOW, Pittsburgh Police Officer; MANI GREGORCHIK, Pittsburgh Police Officer; SAMUEL BRUNI, Pittsbrugh Police Officer; JAMES R. SMITH, Pittsburgh Police Officer; DAVID CAPLAN, Pittsbrugh Police Officer; CHRIS WYDRA, Pittsburgh Police Officer; DOES 1-8, sued in their individual capacities; DOES 9-14, Deputy Sheriff of Allegheny sued in their individual capacities; ALTERNATIVES DUI, a corporation which operates in Allegheny County; STEVEN R. TABANO, a private lawyer, sued in his individual capacity; MELANIE SHANNON ROTHEY, sued in her individual capacity as a law clerk for fr. Raymond A. Novak; ROBERT E. DAUER, sued in his individual capacity and in his official capacity as Judge of the Court of Common Pleas of Allegheny County; DAVID A. SZEWCZAK, sued in his individual capacity and in his official capacity as the Prothonotary of the Superior Court Pennsylvania; ELEANOR R. VALECKO, sued on her individual capacity and in her official capacity as the Deputy Prothonotary of the Superior Court Pennsylvania; RONALD BOGLITZ, sued in his individual capacity and in his official capacity as Parole Officer Supervisor of the Court of Common Pleas of Allegheny County; MARY B. MCCARTHY, sued in her individual capacity and in her official capacity as Official Court Reporter of Allegheny County; GARY GRAHAM, sued in his individual capacity and in his former official capacity as Mayor of the Borough of Homestead; BETTY ESPER, sued in her official capacity as Mayor of the Borough of Homestead; BART VANT, sued in his individual capacity; JANE DOE TWO, a nurse at the Allegheny County Jail; CALVIN LIGHTFOOT, warden of the Allegheny County jail, sued in his official capacity and in his individual

4

capacity

J. Todd Chapman,
Appellant

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 98-cv-00479)
District Judge:  The Honorable Robert J. Cindrich

_____

Submitted Under Third Circuit LAR 34.1(a)
October 9, 2003

BEFORE:  NYGAARD, McKEE and STAPLETON, Circuit Judges.

(Filed: November 4, 2003 )

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Appellant Todd Chapman filed a voluminous civil rights complaint against various

officials of the Commonwealth of Pennsylvania as well as several private entities.  The

District Court dismissed the complaint.  We will affirm.

I.

The facts of this case are set forth at length in the parties' briefs and, therefore, will only

be summarized here. Appellant, Todd Chapman, was convicted by a jury in the Court of Common Pleas of Allegheny County of driving under the influence ("DUI") and resisting arrest. Chapman was sentenced to a period of incarceration of twenty-eight days and to a two-year term of probation for the DUI charge. No further penalty was imposed for the resisting arrest conviction, and his sentence was stayed pending appeal. Chapman had difficulties with several of the attorneys appointed to represent him and, after conducting a hearing, the trial court determined that new counsel should not be appointed for Chapman.

The Pennsylvania Superior Court adopted the trial court's findings, and ordered Chapman to file his brief by March 1, 1999. Chapman failed to comply with this order and the Superior Court dismissed his appeal for failure to prosecute. Two months later, the trial court ordered Chapman to report to the courthouse to serve the sentence that had been imposed. Chapman failed to appear, was found to be in contempt of the court's January 30, 1997 sentencing order, and was remanded to the custody of the Allegheny County Jail. At a contempt review hearing, the trial court determined that Chapman was unable to cooperate in the criminal justice system due to mental illness. Accordingly, the court revoked its previous sentence, imposed a sentence of time served plus eighteen months probation, and released Chapman from custody. Chapman did not appeal this sentence.

During the pendency of these state court proceedings (in particular, while his appeal was before the Pennsylvania Superior Court), Appellant filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional and civil rights arising out of his arrest, convictions and sentence. Chapman alleged, *inter alia*, that various state defendants (more than eighty in total) had falsely arrested and imprisoned him, used excessive force in arresting him, and pursued

6

his arrest, prosecution and incarceration without probable cause and on the basis of his race.

The District Court (Cindrich, J.) adopted the report issued by the Magistrate Judge, which recommended that defendants' motions to dismiss for failure to state a claim be granted and that the complaint be dismissed (with the exception of Appellant's claims of use of excessive force, which were dismissed as violative of Fed. R. Civ. P. 8) on the ground that Chapman's convictions had not been previously invalidated by the state courts or called into question by the issuance of a federal writ of habeas corpus as required by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).[1]

Chapman appealed the District Court's dismissal order and we appointed *amicus* counsel to brief the question of whether the favorable termination requirement set forth in *Heck* bars a claim brought pursuant to 42 U.S.C. § 1983 by a plaintiff who, because of the imposition of a very short sentence (or no period of incarceration at all), is no longer in the custody of the State, and thus has no remedy in habeas corpus.[2] Briefing is complete and this appeal is now ripe for

---

[1] The District Court's dismissal of Chapman's complaint was without prejudice. When a District Court has dismissed a complaint without prejudice, the dismissal is not immediately appealable unless the plaintiff cannot amend or declares his or her intention to stand on the complaint. *Borelli v. City of Reading*, 532 F.3d 950, 951-52 (3d Cir. 1976). Chapman contends that he expressed his desire to stand on the complaint as filed in both his objections to the Magistrate Judge's Report and Recommendation and in his notice of appeal. Additionally, he has unequivocally stated in submissions to this Court that he wishes to stand on his amended complaint. Accordingly, we have jurisdiction over this appeal. *See Remick v. Manfredy*, 238 F.3d 248, 254 (3d Cir. 2001) (where appellant unequivocally states intent to stand on his complaint to appellate court, Court of Appeals has jurisdiction over the appeal); *see also Shapiro v. UJB Financial Corp.*, 964 F.2d 272, 279 (3d Cir. 1992) ("a plaintiff can convert a dismissal with leave to amend into a final order by electing to stand upon the original complaint") (citing *Borelli* 532 F.3d at 951-52).

[2] There was no indication in the District Court record or in the parties' initial submissions to this Court as to the actual sentence Chapman received for his DUI conviction. The only period of custody referenced by Appellant was a short stay in jail (i.e., just over one

7

disposition.[3]

II.

Varied interpretations of the *Heck* holding have issued, partially because the language of

the holding does not appear to be limited to the facts of the case. The holding speaks in terms of

"a § 1983 plaintiff," although the plaintiff in *Heck* was an inmate. The Supreme Court in *Heck*

held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must
> prove that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal authorized to
> make such determination, or called into question by a federal court's issuance of a
> writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that
> relationship to a conviction or sentence that has *not* been so invalidated is not
> cognizable under § 1983.

512 U.S. at 486-87 (emphasis in original).

We conclude that we need not answer the question of the applicability of *Heck* at this

time because the situation presented by this case does not give us the appropriate opportunity to

---

week), and it was not clear whether this was immediately after his arrest, during the pendency of
the criminal proceedings, or after his conviction. Moreover, no mention was made by the parties
of the imposition of a probationary period. Thus, the issue suggested for supplemental briefing
referred to a § 1983 plaintiff who received a short sentence or no sentence at all. It was not until
the parties filed supplemental briefs and referenced Chapman's subsequently-filed habeas
petition (discussed *infra)* that the details of his criminal convictions and sentence were made
known.

[3] On June 21, 1999, three months after the District Court dismissed his § 1983
complaint, Chapman filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.
However, because Appellant had been released from custody on October 8, 1999 and his
probationary period expired on April 8, 2001, the District Court adopted the Report and
Recommendation issued by the Magistrate Judge and dismissed the petition as moot in an order
entered on July 11, 2001. *See Chapman v. Commonwealth of Pa., et al.,* W.D. Pa. Civ. No. 99-
cv-00979. It does not appear that Chapman ever appealed the District Court's dismissal order.

8

do so. When Chapman filed his § 1983 action in the District Court, his state appeal was pending before the Pennsylvania Superior Court. It has long been established that the exclusive method of challenging an allegedly unconstitutional state conviction in the lower federal courts is a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *see also Leamer v. Fauver,* 288 F.3d 532, 540 (3d Cir. 2002). Additionally, the Supreme Court has repeatedly admonished that civil tort actions (as well as § 1983 actions) are not the "appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. Thus, the Court made clear in *Heck* that to recover damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87.

As summarized by the Second Circuit in *Huang v. Johnson*, "[t]he Court's rationale was based, in part, on a desire to 'avoid parallel litigation over the issues of probable cause and guilt,' prevent 'the creation of two conflicting resolutions arising out of the same or identical transaction,' and preclude 'a convicted criminal defendant from making a collateral attack on the conviction through the vehicle of a civil suit.'" 251 F.3d 65, 73 (2nd Cir., 2001) (quoting *Heck* 512 U.S. at 484). What Chapman sought to do through the filing of his § 1983 action was to simultaneously have his DUI and resisting arrest convictions and sentence declared invalid, and to recover damages for the allegedly improper actions of the named defendants—all while his direct appeal was still pending in state court. This type of "hybridization," as the First Circuit referred to it in *Figueroa v. Rivera*, 147 F.3d 77, 81 (1st Cir. 1998), is foreclosed by the Supreme

9

Court's decision in *Heck*, which "makes the impugning of an allegedly unconstitutional conviction *in a separate, antecedent proceeding* a prerequisite to a resultant section 1983 action for damages." As Justice Souter explained in *Heck*, "allowing a state prisoner to proceed directly with a federal court § 1983 attack on his conviction or sentence 'would wholly frustrate explicit intent' as declared in the habeas exhaustion requirement." *Heck*, 512 U.S. at 498 (quoting *Preiser*, 411 U.S. at 489). This appears to be exactly what Chapman did. Without waiting for a decision by the Superior Court on his direct appeal, Chapman sought to challenge his convictions and sentence and to obtain damages through a § 1983 action filed in the United States District Court for the Western District of Pennsylvania.

This is not a situation where the remedy of federal habeas was unavailable to Chapman, but rather presents a case in which, at the time he filed his § 1983 complaint, Chapman simply had not first exhausted state remedies nor availed himself of the federal habeas option.[4] The trial court imposed a sentence of twenty-eight days imprisonment and a two-year probationary period on Chapman. That sentence was stayed during the pendency of Chapman's appeal. Additionally, the trial court revoked its earlier order and sentenced Chapman to time served plus eighteen months of probation. Chapman failed to seek even initial review of this newly imposed sentence, despite the fact that such an appeal would have afforded him direct appellate review of a criminal sentence that had once before been dismissed on procedural grounds.

---

[4] Counsel for Appellees St. Francis Central Hospital, Jane Doe Brown, and Dr. John Doe Minshull, incorrectly states that "at the time Chapman initiated this action on April 19, 1999, he lacked a procedural vehicle to challenge his conviction [as] the Superior Court of Pennsylvania dismissed his appeal for failure to file a brief on March 10, 1999." As noted previously, Chapman filed his § 1983 action on March 10, **1998** (not April 19, 1999), while his direct appeal was still pending before the Superior Court.

Given the particular circumstances of this case, Appellant does not appear to fall within one of the classes of § 1983 plaintiffs that the Justices had noted concern for in the *Spencer v. Kemna  dictum*, i.e.,  "individuals without recourse to the habeas statute because they are not 'in custody' (people merely fined or whose sentences have been fully served, for example)", 523 U.S. 1, 21 (1998), as his probationary period—which did not expire until April 8, 2001 (more than three years after the filing of his § 1983 complaint)—would have satisfied the habeas "in custody" requirement even if his period of incarceration had been served in its entirety.  *See United States ex rel. Wojtycha v. Hopkins*, 517 F.2d 420 (3d Cir. 1975) (a prisoner out on probation is still in custody).  In fact, as noted previously, Chapman did seek habeas relief after the court dismissed his § 1983 complaint, although without successfully securing its remedy since his sentence had expired during the pendency of that proceeding.

*Amicus* argues that, regardless of Chapman's custody status at the time he filed his § 1983 action, Appellant has since been released and thus any *Heck* bar that might have existed at the time of the District Court's dismissal has been removed.  We do not agree. The Supreme Court specifically noted in *Heck* that "the principle barring collateral attacks is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Heck*, 512 U.S. at 490 n.10.  *Amicus* is correct to point out that in *Nonnette v. Small*,, the Ninth Circuit allowed one plaintiff to proceed with a § 1983 claim even though a petition for writ of habeas corpus would have had to be dismissed for lack of a case or controversy because the plaintiff's period of incarceration expired after the entry of the order of dismissal but prior to the disposition of the appeal. 316 F.3d 872, 877-78 (9th Cir. 2002). The court in *Nonnette*, however, was particularly careful to limit its holding to a narrow class of plaintiffs.  The court emphasized that its holding

11

"affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters; the status of prisoners challenging their underlying convictions or sentences does not change upon release, because they continue to be able to petition for a writ of habeas corpus." *Id.* at 878 n.7 (citing *Spencer*, 523 U.S. at 7-12).

The court in *Nonnette* concluded that, under the circumstances of that case (i.e., the loss of 360 days of good-time credits, the exhaustion of administrative remedies, and the unavailability of federal habeas relief), "justice requires that we vacate the judgment of the District Court and permit Nonnette to proceed with his § 1983 claims here." 316 F.3d at 878. There does not appear to be any such justification presented by the circumstances of Chapman's case, especially given the fact that Chapman abandoned his pursuit of state remedies by failing to file a brief with the Superior Court and subsequently failing to appeal his new sentence. Even the subsequent dismissal of Chapman's habeas petition (which, despite a probationary sentence that ultimately extended three years into the future, was filed more than a year after he initiated his § 1983 action, more than three months after the entry of the dismissal order, and prior to exhaustion of state remedies) fails to tip the "justification" scale in Appellant's favor. Aside from the mootness determination, the petition would have been subject to dismissal on the ground that Chapman failed to exhaust his state court remedies or procedurally defaulted the claims presented in the § 2254 petition.

### III.

Chapman's § 1983 action falls within the purview of the Supreme Court's decision in *Heck* and the District Court properly dismissed the complaint for failing to satisfy the "favorable termination" requirement. The District Court's order will be affirmed.

12

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Richard L. Nygaard
Circuit Judge