HANSEN, Senior Circuit Judge,
dissenting:
The Heck[1] favorable termination requirement is more than dicta that we, as an inferior court, can choose to ignore. Despite the views of the then-five sitting justices (now reduced to four on the current Court) expressed in Spencer,[2] the Supreme Court has not made any exceptions to the favorable termination requirement, and we are bound to enforce the requirement where it applies. Because Wilson’s § 1983 claim “necessarily require[s] [Wilson] to prove the unlawfulness of his ... confinement,” Heck, 512 U.S. at 486, 114 S.Ct. 2364, I would affirm the district *269 court’s dismissal. I therefore respectfully dissent.
This court’s opinion properly articulates Heck’s holding that claims challenging the lawfulness of a defendant’s conviction or his confinement are simply not cognizable under § 1988, and that the holding applies to “ ‘ § 1988 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement.’ ” (See supra at 265, quoting Heck, 512 U.S. at 486, 114 S.Ct. 2364 (emphasis omitted)). As articulated by the Supreme Court, that holding is unqualified. -See, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Heck, 512 U.S. at 486-87, 114 S.Ct. 2364 (“We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned].”) (footnote omitted). Rather than apply Heck’s holding to Wilson’s § 1983 claim, this court’s opinion then goes into a discussion of the views of five of the then-sitting justices espoused in Spencer about the effect of Heck on claimants who lack a justiciable habeas claim. Spencer involved the issue of whether a habeas claim became moot when the claimant was released from prison during the pendency of the habeas claim. Spencer, 523 U.S. at 3, 118 S.Ct. 978. Spencer had not filed a § 1983 claim. The only relevance § 1983 had to the Spencer case was Spencer’s argument that his habeas claim should not be moot because Heck would preclude a later § 1983 claim, leaving him with no recourse. The majority opinion, which was joined in full by the concurring opinions, rejected that argument, calling it “a great non sequitur, unless one believes (as we do not) that a § 1983 action for damages must always and everywhere be available.” Id. at 17, 118 S.Ct. 978. The discussion in Justice Souter’s concurrence is nothing more than an expression of his views about whether the habeas claimant ought to be able to bring a § 1983 claim after his habeas claim became moot, an issue not then before the Court.
Our panel’s opinion in this case then determines, without elaboration, that this case is not directly controlled by Heck “[b]ecause Wilson’s claim seeks damages for past confinement.” (See supra at 267.) That factual distinction notwithstanding, Heck’s holding, as well as its reasoning, clearly covers Wilson’s § 1983 claim. In rejecting Justice Souter’s suggestion that a § 1983 claim might lie where the claimant has no available habeas remedy, Justice Scalia, writing for the majority in Heck, reinforced the purpose behind its holding by stating that “the principle barring collateral attacks-a longstanding and deeply rooted feature of both the common law and our own jurisprudence-is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.” Heck, 512 U.S. at 490 n. 10, 114 S.Ct. 2364. In my view, although Heck did not involve a claim based on past confinement, this statement is part of the core holding of Heck by which we are bound. See Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir.2007) (“Absent a decision of the Court that explicitly overrules what we understand to be the holding of Heck [referring to the statement in footnote 10], however, we decline to depart from that rule.”), cert. denied, — U.S. -, 128 S.Ct. 1714, 170 L.Ed.2d 522 (2008); Figueroa v. Rivera, 147 F.3d 77, 81 & n. 3 (1st Cir.1998) (describing Heck’s “core holding” as requiring the “annulment of the underlying conviction” before a § 1983 claim could be brought in a case where habeas was unavailable due to the inmate’s death). The importance of avoiding inconsistent results between a criminal conviction and sentence *270 on the one hand and a civil constitutional tort action on the other is not lessened just because the defendant/claimant is no longer incarcerated.
The Supreme Court has reinforced the continuing validity of the Heck favorable termination requirement since Spencer. In explaining the intersection between ha-beas claims and § 1983 claims, the Supreme Court stated that “[s]ome cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.” Muhammad, 540 U.S. at 750-51, 124 S.Ct. 1303. In those hybrid situations, a defendant must still establish favorable termination of his underlying conviction or sentence before being allowed to bring a § 1983 claim seeking damages for the alleged deprivation of his constitutional rights. Id. at 751, 124 S.Ct. 1303. This case fits squarely within the favorable termination requirement as expressly articulated by the Supreme Court thus far.
Even if the views of the members of the Supreme Court have changed, we are bound to follow the holdings of the Supreme Court until the Court holds differently. See Agostini v. Felton, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997) (“[I]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to this Court the prerogative of overruling its own decisions.” (internal marks omitted)); Mackall v. Angelone, 131 F.3d 442, 445-49 (4th Cir.1997) (en banc) (applying the rule from Agostini and following Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), even though the case at hand was factually distinguishable from Finley and the Supreme Court had noted, but not ruled on, the same factual distinction in Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)), cert. denied, 522 U.S. 1100, 118 S.Ct. 907, 139 L.Ed.2d 922 (1998). That Justice Ginsburg changed her mind between Heck and Spencer does not change the fact that we, as an inferior court, must continue to follow the holdings of the Supreme Court, not the views as espoused by the varying justices on issues not before the Court. See United States v. Chase, 466 F.3d 310, 315-16 (4th Cir.2006) (“[Although] the overruling of Almendarez-Torres may be imminent, see Shepard v. United States, 544 U.S. 13, 27-28, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (Thomas, J., concurring in part and concurring in the judgment) (‘Almendarez-Torres ... has been eroded by this Court’s subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided.’), ... until such overruling occurs, we must follow the decision when it controls.” (citing Agosti-ni)). We hold no charter to carve exceptions out of Supreme Court stone even if the winds of changing views have eroded it. Judicial restraint, as well as respect for precedent and our place within the hierarchy of the federal judiciary, counsel that we must continue to apply the Heck favorable termination requirement where applicable, and without exception, until the Supreme Court tells us otherwise.
I respectfully dissent.

. Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

. Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Notably, this court’s opinion elevates these views to that of a "plurality,” (supra at 267), even though the Supreme Court itself has recognized them for what they are — the views of five justices in Spencer articulated in concurrences and a dissent, see Muhammad v. Close, 540 U.S. 749, 752 n. 2, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004).