**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 15 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CANDIDO MARTINEZ,

     Plaintiff-Appellant,

v.

CITY OF ALBUQUERQUE; LANCE
FLEMING; CISCO MARTINEZ;
WAYNE JONES; J. A. MOSHER;
JOSEPH POLISAR; JOHN MCKENNA;
GEORGE CARILLO; MIKE
REYNOLDS, individually and as police
officers for the Albuquerque Police
Department; BOB STOVER, as Chief of
Police; RUBEN DAVALOS; PAUL J.
MONTOYA; ERNESTO SALICIDO;
P. J. MONTOYA,

     Defendants-Appellees.

No. 98-2235

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 96-CV-323-JP)

---

Martin A. Lopez, Las Vegas, New Mexico, for Plaintiff-Appellant.

Richard A. Sandoval, Assistant City Attorney, City of Albuquerque, Albuquerque, New
Mexico, for Defendants-Appellees.

---

Before **BALDOCK**, **HOLLOWAY**, and **HENRY**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

The appeal in this civil rights action arises out of Plaintiff Candido Martinez' arrest in the City of Albuquerque, New Mexico, on state misdemeanor charges of patronizing a prostitute, battery, and resisting arrest. According to the state criminal complaint, on January 20, 1994, Martinez, while in his vehicle, solicited an undercover female police officer for sex. When surveillance officers from the Albuquerque Police Department approached his vehicle, Martinez "attempted to flee through a dirt lot." A brief chase ensued. A few seconds later, Martinez stopped his vehicle, locked the doors, and rolled down the window. With his hands gripping the steering wheel, Martinez claimed he had done nothing wrong. When Martinez refused to exit his vehicle, one of the arresting officers reached in the window to unlock the door. Martinez rolled up the window on the officer's arm. Another officer struck Martinez in the face and unlocked the vehicle. The officers then arrested Martinez. The entire incident lasted only two to three minutes.

Subsequently, the Metropolitan Court for Bernalillo County found Martinez guilty of resisting arrest in violation of N.M. Stat. Ann. § 30-22-1 (Michie 1978). The court acquitted Martinez on the remaining charges. Martinez appealed and after much pretrial wrangling over discovery, the state district court held a de novo bench trial in which it sustained the metropolitan court's judgment. The district court sentenced Martinez to eight months supervised probation. Review of Martinez' state court conviction currently

2

is pending before the New Mexico Court of Appeals. State v. Martinez, No. 19,102 (N.M. App., filed December 17, 1997).

Meanwhile, Martinez filed suit in the federal district court alleging, inter alia, a cause of action under 42 U.S.C. § 1983. Martinez alleged that Albuquerque police officers used excessive force against him during the January 20, 1994, incident by beating him repeatedly, in violation of his Fourth Amendment right to be free from unreasonable seizures. The district court granted the police officers' motion for summary judgment and dismissed Martinez' civil rights complaint without prejudice pending the outcome of his state court appeal. According to the district court, because Martinez' § 1983 claim challenged the validity of his state court conviction for resisting arrest, such claim would not accrue until and unless that conviction was invalidated.

Our jurisdiction arises under 28 U.S.C. § 1291. We review a grant of summary judgment de novo. Kane v. Capital Guardian Trust Co., 145 F.3d 1218, 1221 (10th Cir. 1998). Because our review of the record reveals that a judgment in favor of Martinez in his federal civil rights action would not necessarily imply the invalidity of his state court conviction for resisting arrest, we reverse the district court's judgment.

I.

We begin our discussion with the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court addressed the question of whether a state prisoner could challenge the constitutionality of his state court conviction in a §

3

1983 suit for damages. The Court held that–

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (emphasis in original) (internal citation and footnote omitted). The Court then provided an example of "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid:"

> A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a <u>lawful</u> arrest. . . . He then brings a § 1983 action against the arresting officer, seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he had been convicted. . . . [Thus] the § 1983 action will not lie.

<u>Id.</u> at 486-87 n.6 (emphasis in original).

The Third Circuit recently distinguished <u>Heck</u> in a case nearly identical to the one before us. In <u>Nelson v. Jashurek</u>, 109 F.3d 142 (3d Cir. 1997), the plaintiff filed a § 1983 excessive force claim against his arresting officer after having been convicted of resisting arrest in state court. The Third Circuit explained in <u>Nelson</u> that in footnote six of <u>Heck</u>, the Supreme Court intended to demonstrate that a civil suit for an unreasonable seizure <u>predicated on a false arrest</u> would be barred so long as a conviction for resisting the same

4

arrest remained unimpaired. <u>Nelson</u>, 109 F.3d at 145. This is so because under the Supreme Court's hypothetical, the lawfulness of the arrest is a necessary element of the criminal offense of resisting arrest. Thus, to prevail in a § 1983 action for false arrest, plaintiff would have to negate the lawfulness element of the resisting arrest offense. <u>See</u> <u>Wells v. Bonner</u>, 45 F.3d 90, 95 (5th Cir. 1995) (<u>Heck</u> barred plaintiff's claim for false arrest after state court conviction for resisting a search because resistance gave officers probable cause to arrest plaintiff). The same may not be said, however, in a civil suit for an unreasonable seizure <u>predicated on the use of excessive force</u>. In that case, a plaintiff would not necessarily have to negate the element of the arrest's lawfulness to prevail.

Because the plaintiff in <u>Nelson</u> had not claimed that the police officer in his case falsely arrested him, but rather claimed that the officer "effectuated a lawful arrest in an unlawful manner," the Third Circuit held that plaintiff's state court conviction for resisting arrest did not prohibit him from pursuing his § 1983 excessive force claim against the arresting officer. <u>Id</u>. at 145-46. Similarly, careful comparison between <u>Heck</u> and the facts of this case demonstrates that to the extent Martinez' federal suit does not challenge the <u>lawfulness</u> of his arrest and conviction (a challenge <u>Heck</u> would prohibit at this point), <u>Heck</u> does not bar him from pursuing his civil rights claims in federal court.

## II.

Martinez' state court conviction was based on N.M. Stat. Ann. § 30-22-1 (Michie 1978), which provides in relevant part:

Resisting, evading or obstructing an officer consists of:

              \* \* \*

    B. intentionally fleeing, attempting to evade or evading an officer of this state when the person committing the act of fleeing, attempting to evade or evasion has knowledge that the officer is attempting to apprehend or arrest him;

              \* \* \*

    D.  resisting or abusing any . . . peace officer in the lawful discharge of his duties.

    Whoever commits resisting, evading or obstructing an officer is guilty of a misdemeanor.

Although a violation of either subsection B or D of § 30-22-1 would appear to support Martinez' state court conviction for resisting arrest,[1] the state district court apparently relied on subsection B to convict Martinez.  At the conclusion of Martinez' criminal trial, the state district court stated:

    It would appear this case is basically broken up in two parts; the first part would be that part that leads up to the attempts of the officers to place Mr. Martinez in custody; the second half of the case involves their efforts to place him in custody.  While I have seen lots of evidence in regard to the second part of the case, that part of the case isn't relevant other than assisting me in judging the credibility of the officers, so <u>whether the officers overreacted or not is really not my concern, and I will not offer any opinions or decisions in that regard.</u>  The part of the case that I must look at is whether Mr. Martinez intentionally resisted the officers in placing him under arrest.

(emphasis added).

---

[1]  Subsections A and C of § 30-22-1 do not apply to Martinez' criminal case.  Subsection A addresses resisting service of process, court orders, and writs.  Subsection C addresses resisting uniformed officers in appropriately marked police vehicles.  The record in this case indicates that the arresting officers were in nonstandard police attire and were driving unmarked vehicles.

These comments lead us to believe that the state court based Martinez' conviction on § 30-22-1B, because the criminal complaint alleged that Martinez, prior to his arrest, initially fled in his vehicle, albeit only a short distance. Thus, the police officers' actions in arresting Martinez once they caught up with him simply had no bearing upon his conviction. The state district court properly noted that whether Martinez resisted arrest by initially fleeing the scene is a question separate and distinct from whether the police officers exercised excessive or unreasonable force in effectuating his arrest. A finding that the police officers utilized excessive force to arrest Martinez would in no manner demonstrate the invalidity of Martinez' state court conviction for resisting arrest under these circumstances. Where "plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." Heck, 512 U.S. at 487 (emphasis in original) (footnotes omitted). Accord Smithart v. Towery, 79 F.3d 951, 952-53 (9th Cir. 1996) (because a successful § 1983 action for excessive force would not necessarily imply the invalidity of plaintiff's state arrest or conviction for assault with a deadly weapon, Heck did not preclude plaintiff's excessive force claim).

Assuming for the moment that we mistakenly interpret the state court's comments and Martinez' conviction was based on subsection D of § 30-22-1, rather than subsection B, our analysis would not materially change. Presumably in that case, Martinez' state court conviction would be based on the fact that he resisted a lawful arrest by failing to

7

heed the arresting officers' instructions and closing his vehicle's window on the arm of

one of the arresting officers. That might justify the officers' use of reasonable force to

effectuate Martinez' arrest, but would not authorize the officers to employ excessive or

unreasonable force in violation of Martinez' Fourth Amendment rights. Thus, whether

Martinez resisted arrest by failing to heed instructions and closing his vehicle's window

on the officer's arm is likewise a question separate and distinct from whether the police

officers exercised excessive or unreasonable force in effectuating his arrest. The state

court's finding that Martinez resisted a lawful arrest, even if based on § 30-22-1D, may

coexist with a finding that the police officers used excessive force to subdue him. See

Nelson, 109 F.3d at 145-46. In other words, a jury could find that the police officers

effectuated a lawful arrest of Martinez in an unlawful manner.[2]

III.

---

[2] The police officers argue that because Martinez' claim of excessive force must have necessarily been litigated and decided in the state court, the doctrine of collateral estoppel also bars Martinez' civil action. We disagree. New Mexico courts require the presence of four elements before invoking collateral estoppel: (1) the parties are the same or are privies of the original parties; (2) the cause of action is different; (3) the issue or fact was actually litigated; and (4) the issue was necessarily determined. International Paper Co. v. Farrar, 700 P.2d 642, 644-45 (N.M. 1985). To be sure, in seeking dismissal of the criminal charges against him in state court, Martinez argued the officers' use of excessive force. The entire point of our analysis in this appeal, however, is that a determination as to whether the officers' used excessive force against Martinez was unnecessary to his conviction for resisting arrest. Because the issue of excessive force was not "necessarily determined" in the state court, collateral estoppel does not bar Martinez from proceeding with his § 1983 claim.

On remand, the district court must proceed on the basis that Martinez' state court conviction for resisting arrest is valid unless his conviction is reversed on direct appeal, expunged by an executive order, or declared invalid in federal or state collateral proceedings. See Heck, 512 U.S. at 485-87. If this case proceeds to trial while Martinez' state court conviction remains unimpaired, the court must instruct the jury that Martinez' state arrest was lawful per se. See Nelson, 109 F.3d at 146. The question for the jury is whether the police officers utilized excessive force in making that arrest. Otherwise, the jury might proceed on the incorrect assumption that the police officers had no probable cause to arrest Martinez, and thus reach a verdict inconsistent with Martinez' criminal conviction. See Smithart, 79 F.3d at 952 (Heck barred plaintiff's claims that officers lacked probable cause to arrest and charge him with assault).

To that end, the allegations in Martinez' Second Amended Complaint in paragraphs 41b and 47 that (1) the police officers had no probable cause to arrest him and (2) he did not actively resist arrest or attempt to evade arrest, must be stricken because any such finding by the jury in this case would suggest the invalidity of Martinez' state court conviction for resisting arrest. With those exceptions, the district court should reinstate Martinez' Second Amended Complaint and let the case proceed consistent with this opinion.

REVERSED and REMANDED.[3]



[3] Martinez' Motion to Supplement the Record on Appeal with the Opening Brief he filed in his state criminal appeal before the New Mexico Court of Appeals is allowed.