# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3788

_____

Billy Joe Henson,                                 *
                                                  *
            Appellant,                            *
                                                  *
      v.                                          *
                                                  *   Appeal from the United States
James Brownlee, CO-I, East Arkansas               *   District Court for the Eastern
Regional Unit, ADC; Ruppert, Sgt.,                *   District of Arkansas.
East Arkansas Regional Unit, ADC;                 *
Justine Minor, Disciplinary Hearing               *   (UNPUBLISHED)
Officer, Arkansas Department of                   *
Correction,                                       *
                                                  *
            Appellees                             *

_____

Submitted: January 31, 2001
     Filed: February 13, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Billy Joe Henson appeals the district court's dismissal, prior to service, of his 42 U.S.C. § 1983 action and moves to proceed in forma pauperis (IFP) on appeal. We grant him leave to appeal IFP, assess the filing fee according to the

provisions of the Prison Litigation Reform Act, and leave the collection details to the district court. We also affirm in part, reverse in part, and remand.

Henson alleged (1) defendants Brownlee and Ruppert assaulted and injured him, and thereafter denied him immediate medical attention, in violation of the Eighth Amendment; (2) defendant Brownlee retaliated against him for reporting the assault, for filing grievances, and for participating in the subsequent investigation by writing false disciplinary reports against him, in violation of the First Amendment; and (3) defendant Minor denied him due process and violated prison policy at the disciplinary hearing, in part by granting an extension without which the disciplinaries would have been dismissed, in violation of the Fourteenth Amendment. He requested restoration of the good-time credits he lost as punishment, expungement of his record, and damages.

The district court dismissed the action with prejudice pursuant to 28 U.S.C. § 1915A(b), concluding that Henson could not seek restoration of his good-time credits in a section 1983 action, and that his damages claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). We review this dismissal de novo. See Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam).

We agree with the district court that Henson may seek restoration of his good-time credits only in a habeas corpus proceeding. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). We also agree that Henson's damages claims for the violation of his First and Fourteenth Amendment rights are barred by Heck, although we modify the dismissal of these claims to be without prejudice. See Edwards v. Balisok, 520 U.S. 641, 645-48 (1997) (damages claim challenging procedures used in prison disciplinary proceedings is not cognizable under § 1983 until disciplinary conviction has been set aside); Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) (inmate's allegation that he had First Amendment right to communicate obscene remark about warden and thus that any discipline for remark was unconstitutional was Heck-barred because, if inmate

were correct, his resulting disciplinary punishment would be improper); <u>Schafer v. Moore</u>, 46 F.3d 43, 45 (8th Cir. 1995) (per curiam) (<u>Heck</u>-barred § 1983 action should be dismissed without prejudice).

We disagree with the district court, however, that Henson's damages claim for violation of his Eighth Amendment rights is barred by <u>Heck</u>.  The excessive-force and deliberate-indifference claims do not challenge the fact or length of Henson's confinement.  <u>See</u> <u>Huey v. Stine</u>, 230 F.3d 226, 230 (6th Cir. 2000) ("Eighth Amendment claims do not run afoul of <u>Heck</u> because the question of the degree of force used by a police or corrections officer is analytically distinct from the question whether the plaintiff violated the law."); <u>Figueroa v. Rivera</u>, 147 F.3d 77, 82 (1st Cir. 1998) (Eighth Amendment deliberate-indifference claim is not <u>Heck</u>-barred).

Accordingly, we affirm the dismissal of the First and Fourteenth Amendment claims, modifying their dismissal to be without prejudice; reverse the dismissal of the Eighth Amendment claims; and remand for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.