**UNITED STATES COURT OF APPEALS**

**June 10, 2014**

**TENTH CIRCUIT**

LEROY DAMASIO FRESQUEZ,

Plaintiff - Appellant,

v.

SHERIFF TED MINKS; MICHAEL
FISH, Detention Service Manager;
JOHN DOE (Captain), March 5, 2010;
LT. MARTINALLI; LT. G. GITTIN;
LT. J. LUCAS; ADMINISTRATIVE
SGT. RENFRO; SGT. TROY BETKA;
SGT. SCOTT HAPP; SGT. STEVEN
WYGANT; OFFICER KATHERINE
FEROE; DEPUTY SHERIFF
CRUMBAKER; DEPUTY SHERIFF
RYAN VIERS; DEPUTY SHERIFF
DUSTIN DYELING; DEPUTY
SHERIFF ANTHONY KOTRIS;
DEPUTY SHERIFF DONALD
SPRINGFIELD; DEPUTY SHERIFF
HOLLEY; DEPUTY SHERIFF
JAMES GELEUDE; DEPUTY
SHERIFF JASON RICHARDSON;
DEPUTY SHERIFF REID PERRY;
DEPUTY SHERIFF WILLIAM
BOHM; DEPUTY SHERIFF ERIK
BOUGHAM; DEPUTY SHERIFF
HERBERT LONGSHORE, DEPUTY
SHERIFF #1958 (Name Unknown);
COUNSELOR MIKE COLLINS;
COUNSELOR SUPERVISOR DEBRA
ELUDO; CHANTEL CORKLE, Atty.;
DOUGLAS K. WILSON, Atty.;
DENNIS HALL, Jefferson County
Judge; WRITER MOTT, Atty.;
LAURA WASSMUTH, Atty.,

No. 13-1155
(D.C. No. 1:11-CV-02712-REB-KMT)
(D. Colo.)

CORRECTIONAL HEALTHCARE
MANAGEMENT; CLAUDIA VAN
BUREN, /HSA; RAYMOND HERR,
Responsible Physician; TRACY
HAINES, LPN; KATHERINE
BECERRA, RN,

           Defendants - Appellees.

## ORDER AND JUDGMENT[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff Leroy Fresquez, an inmate currently incarcerated in a Colorado state penitentiary, filed a pro se § 1983 complaint alleging his constitutional rights were violated while he was being held at the Jefferson County jail. He claimed a sheriff's deputy injured him and that his medical needs following the incident went untreated. He also alleged jail personnel interfered with his access to the courts and tampered with his legal mail. The defendants named in his

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint included sheriff's office employees and correctional healthcare personnel.

The magistrate judge held that Plaintiff's complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and ordered Plaintiff to file an amended complaint. Plaintiff did so, but the magistrate judge concluded that the first amended complaint still failed to comply with Rule 8's pleading requirements. Plaintiff accordingly filed a second amended complaint. The two sets of Defendants filed separate motions to dismiss the case, arguing that Plaintiff's complaint failed to state a claim on which relief could be granted. Plaintiff filed responses to these motions, as well as a motion to amend the complaint. The magistrate judge recommended that the motions to dismiss be granted and that the motion to amend the complaint be denied on the basis of futility. Plaintiff objected, but the district court adopted the magistrate judge's recommendations, granted the motions to dismiss, and denied leave to amend the complaint. This appeal followed.

We review de novo the district court's dismissal of a complaint for failure to state a claim upon which relief can be granted. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). A complaint may only be dismissed for failure to state a claim if it fails to "contain[] 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In our review, "[w]e accept as true all well-pleaded factual

allegations and view these allegations in the light most favorable to the plaintiff."

*Id.* (internal quotation marks and ellipsis omitted). Because Plaintiff is proceeding pro se, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[T]his rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.* "In addition, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Id.* at 1110 n.3. We generally review the district court's denial of a motion for leave to amend the complaint for an abuse of discretion. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010). However, "when this denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Id.* (internal quotation marks omitted). "We thus consider de novo whether it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Id.* (internal quotation marks omitted).

We turn then to the merits of Plaintiff's claims for relief, beginning with his claims against the deputy sheriff who allegedly injured him. In his second

amended complaint, Plaintiff listed a claim for "constitutional torts" that included

the following allegation:

> On March 5th, 2010, Deputy Sheriff Ryan Viers without need or provocation grabs Plaintiff while drinking coffee and slams face first into the ground breaking Plaintiff's teeth to the nerves/roots, cuts in mouth, constitutes the tort of assault and battery, harassment CRS 18-9-111, use of force pursuant C.R.S. 18-8-802(1)(a) and 18-8-803 and retaliating against a witness pursuant CRS 18-8-706(1), first degree misconduct pursuant CRS 18-8-404(b), biased motivated acts pursuant CRS 18-9-121, under the law of the State of Colorado subjecting Plaintiff to intimidation, humiliation, physical injury, mental anguish, loss of enjoyment in life, fear, distress.

(R. at 132 (capitalization, punctuation, and spelling standardized).)  In his

proposed third amended complaint, Plaintiff described this claim against Deputy

Sheriff Viers as a claim of "excessive force prohibited by the Constitution, Fourth

Amendment of the United States Constitution," and he again attempted to support

this claim by citations to Colorado criminal statutes relating to, among other

things, assault and battery, retaliation, and "use of excessive force."  (R. at 574.)

The magistrate judge concluded that these allegations failed to state a claim for

relief against Deputy Sheriff Viers solely on the basis that the Colorado criminal

statutes cited in this claim did not provide a private right of action.  However, in

so holding, the magistrate judge failed to construe Plaintiff's pro se complaint

liberally.  As we stated in *Hall*, "if the court can reasonably read the pleadings to

state a valid claim on which the plaintiff could prevail, it should do so despite the

plaintiff's failure to cite proper legal authority, his confusion of various legal

-5-

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. Although Plaintiff cited to inapplicable legal authorities in his complaint and confused various legal theories, we are persuaded that his complaint reasonably can, and should, be read to state a claim of excessive force.[1] We are also persuaded that this is a claim on which Plaintiff could prevail, taking the facts alleged in his complaint as true and viewing the allegations in the light most favorable to him. Contrary to Defendants' arguments, the allegations in Plaintiff's complaint, taken in the light most favorable to him, do not establish that Deputy Sheriff Viers only employed force in a good faith effort to maintain order in the jail. Plaintiff has met his "burden of alleging sufficient facts on which a recognized legal claim could be based," *id.*, and the district court accordingly erred in dismissing his claim against Deputy Sheriff Viers.

Defendants contend that we can affirm the district court's dismissal of this claim on an alternative ground pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants assert that Plaintiff pled guilty to a count of obstruction of an

---

[1] Certain allegations in the various iterations of Plaintiff's complaint suggest he might also have been inartfully attempting to raise a claim of First Amendment retaliation, since he suggests that he believes the alleged assault may have been motivated by his filing of grievances and cases against various individuals in the sheriff's office. However, Plaintiff's allegations as they presently stand are too conclusory and vague to state a claim for relief on this ground.

officer for an offence occurring on March 5, 2010, and they contend this plea proves that Plaintiff was resisting Deputy Sheriff Viers' attempts to maintain order in the prison and therefore the deputy sheriff's use of force was reasonable under the circumstances. Defendants argue that a ruling in Plaintiff's favor on his excessive force claim would thus necessarily call into question the validity of his conviction for obstruction of an officer. However, there is a dispute as to whether the obstruction conviction stemmed from the incident with Deputy Sheriff Viers or from a subsequent altercation between Plaintiff and other deputy sheriffs. Based on the record before us at this stage in the proceedings, it is not at all clear that Plaintiff's obstruction conviction would necessarily prove he was obstructing Deputy Sheriff Viers prior to or at the time of the deputy sheriff's alleged use of force. Moreover, we reject Defendants' argument that slamming a prison inmate on the ground with enough force to break his teeth is necessarily a reasonable use of force so long as the inmate did something "obstructive" first. *See Northington v. Jackson*, 973 F.2d 1518, 1523-24 (10th Cir. 1992) (noting that the "unnecessary and wanton infliction of pain" can give rise to a claim of excessive force even if there is a prison disturbance, and holding that pertinent factors for determining whether this standard has been met include "the relationship between the need for application of force and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response" (internal quotation marks omitted)); *cf. Martinez v. City of*

*Albuquerque*, 184 F.3d 1123, 1127 (10th Cir. 1999) ("Thus, whether Martinez resisted arrested by failing to heed instructions and closing his vehicle's window on the officer's arm is likewise a question separate and distinct from whether the police officers exercised excessive or unreasonable force in effectuating his arrest. The state court's finding that Martinez resisted a lawful arrest . . . may coexist with a finding that the police officers used excessive force to subdue him."). A favorable finding for Plaintiff on his excessive force claim would not necessarily call into question his conviction for obstruction, and we accordingly reject Defendants' argument that *Heck* bars this claim. While we state no opinion on the ultimate merits of this claim, we hold that the district court erred in dismissing Plaintiff's excessive force claim at this stage of the proceedings.

We turn next to Plaintiff's claims of deliberate indifference to medical needs based on the alleged failure of various sheriff's office employees and healthcare personnel to ensure that Plaintiff received appropriate medical and/or dental care for his broken teeth. The magistrate judge concluded that this claim failed because Plaintiff alleged at most a negligent failure to provide adequate medical care, not a denial of medical treatment. The magistrate judge stated:

> As noted in the [second amended complaint], shortly after the March 5, 2010 incident, Plaintiff was taken to the medical unit and treated by Defendant Nurse Katherine Becerra. Less than a week later, on March 11, 2010, Plaintiff was also seen again and treated by Defendant Nurse Tracy Haines. ([Second Amended Complaint] at 15.) Neither nurse made a determination that Plaintiff's injuries were sufficiently serious to warrant referral to a dentist for further

care.  (*Id.*)

(R. at 805.)  If these purported facts indeed appeared in Plaintiff's complaint, we might well agree with the magistrate judge that Plaintiff had failed to state a claim of deliberate indifference to medical needs.  *But cf. Oxendine v. Kaplan*, 241 F.3d 1272, 1277 n.7 (10th Cir. 2001); *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) ("Nor does the fact that he has seen numerous doctors necessarily mean that he received treatment for serious medical needs, i.e., that treatment was prescribed at all or that prescribed treatment was provided.")

However, contrary to the magistrate judge's characterization of the complaint, nowhere in any of Plaintiff's various iterations of his complaint does he ever state he was examined or treated by Nurse Becerra or Nurse Haines.  In his second amended complaint, Plaintiff simply alleged that "[o]n March 5th 2010 Defendant Katherine Becerra disregarded to act or tell deputy sheriff that Plaintiff needed to be seen by a dentist . . . for injuries to the mouth/teeth[, which] constitutes deliberate indifference to serious medical needs."  (R. at 127 (capitalization standardized.)  Similarly, Plaintiff alleged:

> On March 11 2010, Plaintiff informs Defendant Tracy Haines of the essential need for dental/medical treatment for injuries.  Tracy Haines disregards the Plaintiff treatment and does nothing, due to being biased towards Plaintiff constitutes deliberate indifference to serious medical needs, full well aware Plaintiff's with broken teeth to the roots/nerves with chronic pain and suffering, cuts in mouth, back pains, under duress, loss of enjoyment in life, liberty, mental anguish/distress.

(R. at 129 (capitalization and spelling standardized).) The magistrate judge apparently assumed from these allegations that Plaintiff had been examined and treated by Nurse Becerra and Nurse Haines and that he simply disagreed with the type of medical treatment provided. However, this assumption finds no support in the sparse allegations of Plaintiff's second amended complaint, and it is belied by the allegations in the other iterations of Plaintiff's complaint. In the earlier versions of his complaint, Plaintiff alleged Nurse Becerra knew of his medical needs because she was present at the time of the incident with Deputy Sheriff Viers but then failed to tell the correctional officers that Plaintiff's broken teeth would need to be treated. Similarly, Plaintiff alleged that Nurse Haines was aware of his medical needs because she was "fully advised through medical request forms and inmate grievance forms of the essential need to see a dentist/medical treatment for injuries." (R. at 99 (first amended complaint at 14) (brackets omitted).) Plaintiff has never alleged that either Nurse Becerra or Nurse Haines conducted an examination or provided any type of medical treatment to him. Viewing the allegations in Plaintiff's second amended complaint in the context of his other complaints, it is clear that Plaintiff has consistently alleged he was not provided with any medical or dental treatment despite correctional officers' and healthcare employees' awareness of his injury.

Thus, contrary to the magistrate judge's assumption, Plaintiff is not simply challenging the type of treatment provided: he is instead arguing that he was not

provided with any type of treatment at all, causing him to remain in significant pain in violation of his Eighth Amendment rights. Because the magistrate judge misunderstood the nature of Plaintiff's allegations, she failed to analyze whether the facts as actually alleged in Plaintiff's complaint would be sufficient to state a claim of deliberate indifference against any of the correctional officers or healthcare personnel. On remand, the court should consider whether the facts as alleged in Plaintiff's complaint would be sufficient to state a claim against any of the Defendants. The court should also permit Plaintiff an opportunity to amend his complaint to plead his allegations with more specificity and clarity.

We note that the district court denied Plaintiff's numerous motions for counsel based in part upon the court's conclusion that Plaintiff's claims were not sufficiently strong to warrant requesting counsel to represent Plaintiff. Because we disagree with the court's assessment of the strength of Plaintiff's claims, we instruct the court to reconsider on remand whether counsel should be appointed to represent Plaintiff in this action. Furthermore, while we agree with the magistrate judge that Plaintiff's remaining claims, as presently alleged, fail to state a claim on which relief may be granted, we note that some of these claims could possibly be amended, particularly with the assistance of counsel, to state a valid claim for relief. We therefore reverse and remand the entire order of dismissal for reconsideration below.

For the foregoing reasons, we **REVERSE** and **REMAND** the district

court's order dismissing this case.  We **GRANT** Plaintiff's motion to proceed in forma pauperis on appeal and remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.  We **DENY** Plaintiff's motion for leave to file a reply brief appendix, and we accordingly **DISMISS AS MOOT** Defendants' motion to strike the reply brief appendix.  We have not considered the materials attached to Plaintiff's reply brief in our consideration of the merits of his claims.

Entered for the Court

Monroe G. McKay

Circuit Judge