# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2756

_____

Tony Quinton Newmy, Sr.,

*Plaintiff - Appellant*,

v.

Trey Johnson, Parole Officer, Mississippi County; Fred Wright, Parole Officer, Mississippi County; L. House, Area S.O. Coordinator, Mississippi County,

*Defendants - Appellees*.

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: June 12, 2014
Filed: July 14, 2014

_____

Before MURPHY, COLLOTON, and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Tony Quinton Newmy appeals a judgment of the district court[1] dismissing his complaint brought under 42 U.S.C. § 1983 for failure to state a claim. We affirm.

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

Newmy sued Trey Johnson, a parole officer in Mississippi County, Arkansas, under § 1983. According to the complaint, Johnson falsely reported that Newmy failed to report to see him as required by the terms of Newmy's parole during five months in 2012. Newmy claimed that as a result of Johnson's allegation, his parole was revoked, and he was required to serve an additional three to five months of detention. He asserted that Johnson's actions violated his constitutional rights under the Due Process Clause and sought damages.

The district court addressed whether Newmy's § 1983 claim was cognizable in light of the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), and this court's application of *Heck* in *Entzi v. Redmann*, 485 F.3d 998 (8th Cir. 2007). In *Heck*, the Supreme Court considered a claim brought by a prison inmate against a state police investigator and state prosecutors under § 1983, alleging misconduct in the investigation and prosecution of the inmate's criminal case. The Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (footnote omitted).

A separate opinion of Justice Souter urged that the favorable-termination rule announced in *Heck* should not extend to individuals who are not "in custody" for habeas purposes, because "the result would be to deny any federal forum for claiming a deprivation of federal rights to those who cannot first obtain a favorable state ruling." *Id*. at 500 (Souter, J., concurring in the judgment). The Court responded

directly and disagreed: "We think the principle barring collateral attacks—a longstanding and deeply rooted feature of both the common law and our own jurisprudence—is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated." *Id.* at 490 n.10 (majority opinion). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Court unanimously extended *Heck* to bar a § 1983 claim brought by a state prisoner challenging the validity of the procedures used to deprive him of good-time credits while incarcerated.

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Court then addressed a habeas corpus petition brought by a former inmate who sought to invalidate an order revoking his parole. Because the plaintiff had completed the entire term of imprisonment underlying the parole revocation, the Court ruled that the plaintiff's petition was moot. In a concurring opinion, Justice Souter wrote that although the habeas petition was moot, the plaintiff was free to bring an action under § 1983. He renewed his disagreement with footnote 10 in *Heck*, where the Court had explained that the principle barring collateral attacks is not rendered inapplicable by the fact that the plaintiff is no longer incarcerated. *Id.* at 19-21 (Souter, J., concurring). Justice Ginsburg, who had joined the opinion of the Court in *Heck*, also wrote separately. Citing Justice Frankfurter's aphorism that "[w]isdom too often never comes, and so one ought not to reject it merely because it comes late," *Henslee v. Union Planters Nat'l Bank & Trust Co.*, 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting), Justice Ginsburg declared that she had "come to agree" with Justice Souter that "[i]ndividuals without recourse to the habeas statute because they are not 'in custody' (people merely fined or whose sentences have been fully served, for example) fit within § 1983's 'broad reach.'" *Spencer*, 523 U.S. at 21 (Ginsburg, J., concurring).

A landscape consisting of *Heck* and the collection of opinions in *Spencer* has resulted in a conflict in the circuits about the scope of *Heck*'s favorable-termination rule. Several courts—counting up the five Justices who opined in concurring and dissenting opinions in *Spencer*—have concluded that the *Heck* bar does not apply to

a § 1983 plaintiff who cannot bring a habeas action. *See Cohen v. Longshore*, 621 F.3d 1311, 1315-17 (10th Cir. 2010); *Wilson v. Johnson*, 535 F.3d 262, 267-68 (4th Cir. 2008); *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 599-605 (6th Cir. 2007); *Nonnette v. Small*, 316 F.3d 872, 875-78 (9th Cir. 2002); *Huang v. Johnson*, 251 F.3d 65, 73-75 (2d Cir. 2001); *Carr v. O'Leary*, 167 F.3d 1124, 1125-28 (7th Cir. 1999). Four other circuits, including this one, have adhered to the conclusion—set forth in footnote 10 of *Heck*—that the favorable-termination rule still applies when a § 1983 plaintiff is not incarcerated. *Entzi*, 485 F.3d at 1003; *Gilles v. Davis*, 427 F.3d 197, 208-12 (3d Cir. 2005); *Randell v. Johnson*, 227 F.3d 300, 301-02 (5th Cir. 2000) (per curiam); *Figueroa v. Rivera*, 147 F.3d 77, 80-82 (1st Cir. 1998).

After *Spencer*, the Supreme Court said in *Muhammad v. Close*, 540 U.S. 749, 752 n.2 (2004) (per curiam), that it had "no occasion to settle" whether the unavailability of habeas may dispense with the *Heck* favorable-termination requirement. We concluded in *Entzi* that the combination of concurring and dissenting opinions in *Spencer* did not amount to a holding that binds this court. We opted instead to follow footnote 10 in the opinion of the Court in *Heck*. *Entzi*, 485 F.3d at 1003.

The district court, screening the complaint pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a), dismissed Newmy's action for failure to state a claim. Citing *Heck* and *Entzi*, the court concluded that "the Supreme Court's and Eighth Circuit's precedents relating to the intersection of habeas relief and section 1983 relief foreclose Newmy from challenging the asserted deprivation of his constitutional rights." R. Doc. 4, at 3. The court ruled that if Newmy were to prevail and recover damages, the judgment would necessarily imply the invalidity of the parole revocation and extended incarceration, so his claim was not cognizable under § 1983. Although Newmy was no longer incarcerated based on the underlying parole revocation, the district court followed *Entzi* in ruling that *Heck*'s holding is not

-4-

limited to plaintiffs in custody, and that the combination of separate opinions in *Spencer* did not overrule *Heck*'s holding.

On appeal, Newmy attempts gamely to distinguish *Entzi* by suggesting that the decision is limited to circumstances in which an individual could have accessed federal habeas but failed to do so. He relies on an argument advanced by the State in *Entzi* that the plaintiff there knew as early as March 2002 that the defendants were denying him sentence-reduction credits, but did not seek habeas relief before he was released from custody in January 2004. He suggests, by contrast, that where circumstances rendered access to federal habeas corpus relief "a practical impossibility," *Entzi* does not foreclose a suit under § 1983.

The court in *Entzi* did not rule against the plaintiff based on his failure to pursue habeas relief while incarcerated. We said simply, quoting *Heck*, that "'the principle barring collateral attacks . . . is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated.'" 485 F.3d at 1003 (quoting 512 U.S. at 490 n.10). We explained that if Entzi's claim were to succeed, it "would necessarily imply the invalidity of his conviction or sentence," and that "*[t]herefore*, the claim may be pursued only in an action for habeas corpus relief." *Id*. (emphasis added) (internal quotation omitted). There was no mention of Entzi's alleged failure to pursue habeas corpus relief as the reason why his § 1983 action was barred.

If the *Entzi* panel had been thinking along the lines suggested by Newmy, then it is hardly clear that the plaintiff would have been ineligible to pursue a § 1983 action under Newmy's "practical impossibility" standard. Although Entzi first learned about a denial of sentence-reduction credits in March 2002, the record suggested that he was still grieving the decision through the prison's administrative process as late as May 2003, just eight months before he was released. Appellant's App. 35-36, 75-77, *Entzi v. Redmann*, 485 F.3d 998 (8th Cir. 2007) (No. 06-2116). There are also questions under North Dakota law about whether state remedies were

available to Entzi as a prisoner who was allegedly "unlawfully in custody or restrained," N.D. Cent. Code § 29-32.1-01(1)(g), in which case his time for filing a federal habeas corpus action might not even have begun to run, much less have expired, before he was released from custody. *See Ali v. Tenn. Bd. of Pardon & Paroles*, 431 F.3d 896, 898-99 & n.1 (6th Cir. 2005).

None of this was considered in the *Entzi* opinion, because it was not relevant to the rationale. As the Third Circuit recently recognized, the Eighth Circuit—like the First, Third, and Fifth—has "interpreted *Heck* to impose a universal favorable termination requirement on all § 1983 plaintiffs attacking the validity of their conviction or sentence." *Deemer v. Beard*, No. 13-1986, 2014 WL 764862, at *3 (3d Cir. Feb. 27, 2014) (unpublished) (citing *Entzi*), *petition for cert. filed*, 82 U.S.L.W. 3587 (U.S. Mar. 21, 2014) (No. 13-1153). We recognize that this rule could preclude a damages remedy for an inmate who is detained for only a short time with limited access to legal resources, but that is a consequence of the principle barring collateral attacks that was applied in *Heck*. The district court correctly followed circuit precedent in dismissing Newmy's claim.

The judgment of the district court is affirmed. Newmy's motion for service of the appeal is denied as moot.

KELLY, Circuit Judge, concurring.

Although I agree the district court correctly applied this circuit's precedent in dismissing Newmy's suit, I write separately to express my concern that our approach "needlessly place[s] at risk the rights of those outside the intersection of § 1983 and the habeas statute, individuals not 'in custody' for habeas purposes." Heck, 512 U.S. at 500 (Souter, J., concurring in the judgment). Indeed, in a "combination of concurring and dissenting opinions," supra p. 4, the Supreme Court itself cast doubt on our broad reading of Heck. In Spencer, five Justices—in concurrence and

dissent—agreed that "a former prisoner, no longer 'in custody,' may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy." 523 U.S. at 21 (Souter, J., concurring); id. at 25 n.8 (Stevens, J., dissenting). And as the Tenth Circuit recently reiterated, "[i]f a petitioner is unable to obtain habeas relief—at least where this inability is not due to the petitioner's own lack of diligence—it would be unjust to place his claim for relief beyond the scope of § 1983 where 'exactly the same claim could be redressed if brought by a former prisoner who had succeeded in cutting his custody short through habeas.'" Cohen, 621 F.3d at 1316–17 (quoting Spencer, 523 U.S. at 21 (Souter, J., concurring)).

_____