# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3037

_____

LaFrance Colbert

*Plaintiff - Appellant*

v.

Monticello, Arkansas, City of, a public body corporate and police; Ricky Fleming, in his individual and official capacity as police officer for the City of Monticello, Arkansas; Steven Stain, in his individual and official capacity as police officer for the City of Monticello, Arkansas; Ray Singleton, in his individual and official capacity as police officer for the City of Monticello, Arkansas; B. Johnson, in his individual and official capacity as police officer for the City of Monticello, Arkansas; Clayton Moss, in his individual and official capacity as police officer for the City of Monticello, Arkansas

*Defendants*

Jeremy Chapman, in his individual and official capacity as Deputy Sheriff for Drew County, Arkansas

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: December 11, 2014
Filed: December 30, 2014
[Published]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

A state court found LaFrance L. Colbert guilty of disorderly conduct and refusal to submit to arrest (a lesser included offense of resisting arrest). Colbert alleges that in a traffic court: deputy sheriff Jeremy Chapman beckoned him to a group of officers and loudly said, "Don't be eyeballing my officers"; when Colbert said he was not eyeballing them, an officer grabbed Colbert and told him to "shut up"; and, when Colbert told that officer to let go, the officers handcuffed him, threw him against a wall (causing his nose to bleed), threw him to the floor, tased him twice, "hog tied" him, and dragged him from the courtroom.

Colbert sued the officers under 42 U.S.C. § 1983, alleging unreasonable seizure and excessive force. The district court dismissed Colbert's claims against Chapman under *Heck v. Humphrey*, 512 U.S. 477 (1994), and denied his motion to reconsider. Colbert appeals the dismissal only of his excessive-force claim. Having jurisdiction under 28 U.S.C. § 1291, this court reverses.

This court reviews de novo the dismissal of a claim under *Heck*. *See Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007). In *Heck*, the Supreme Court said:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487. A finding that Chapman used excessive force would not necessarily imply the invalidity of Colbert's convictions. "[T]here is no inherent conflict between a conviction for resisting arrest or harassment of a police officer and a finding that the police officers used excessive force in effectuating the arrest." *Sullivan v. Gagnier*, 225 F.3d 161, 166 (2d Cir. 2000). *See also Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008) ("The jury is free to . . . believe that [plaintiff] was nonetheless punched at a time when he was not resisting. Under that version of facts . . . there is no *Heck* bar."); *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008) ("[A] claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance."); *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006) ("Were we to uphold the application of *Heck* in this case, it would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages."); *Huey v. Stine*, 230 F.3d 226, 230 (6th Cir. 2000) ("In general, the federal courts hold that Eighth Amendment claims do not run afoul of *Heck* because the question of the degree of force used by a police or corrections officer is analytically distinct from the question whether the plaintiff violated the law."), *cited by Henson v. Brownlee*, 2 Fed. Appx. 635, 637 (8th Cir. 2001) (unpublished); *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1127 (10th Cir. 1999) ("The state court's finding that Martinez resisted a lawful arrest . . . may coexist with a finding that the police officers used excessive force to subdue him."); *Nelson v. Jashurek*, 109 F.3d 142, 145-46 (3d Cir. 1997) ("Nelson charges that Jashurek effectuated a lawful arrest in an unlawful manner. Accordingly . . . we do not see why a judgment in his favor would throw the validity of his conviction into doubt.").

Chapman asks this court to affirm on a different ground, that Colbert failed to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Chapman did not present this argument to the district court, and this court declines to rule on it. *See Singleton v. Wulff*, 428 U.S. 106, 121 (1976) ("The matter of what questions may be taken up and resolved

for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases.").

\* \* \* \* \* \* \*

The judgment is reversed and the case remanded for proceedings consistent with this opinion.

_____