**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 9, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

JAMES L. WILSON,

      Plaintiff Counterclaim Defendant -
Appellant,

v.

MARK ROKUSEK,

      Defendant Counterclaimant -
Appellee,

and

JOHNSON COUNTY SHERIFF'S
DEPARTMENT; JOHNSON COUNTY
BOARD OF COUNTY
COMMISSIONERS; FRANK DENNING,

      Defendants - Appellees.

No. 16-3027
(D.C. No. 5:11-CV-03204-JTM-KGG)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.
_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff James L. Wilson brought suit in the United States District Court for the District of Kansas pursuant to 42 U.S.C. § 1983 for alleged constitutional violations arising from his arrest. In the course of his detainment and arrest, Mr. Wilson ran from Officer Mark Rokusek, stole his service vehicle, hit him with the vehicle, and then swerved at another officer. Mr. Wilson was then shot in the arm. He alleged that Officer Rokusek used excessive force in shooting his arm because there was no reasonable danger to him or others.

The district court held the case in abeyance while Mr. Wilson was charged and convicted of, *inter alia*, battery against a law enforcement officer. After the Kansas Court of Appeals affirmed the conviction, *State v. Wilson*, 347 P.3d 1214 (2015) (per curiam) (table decision), the district court dismissed the claims against the governmental-entity defendants under state sovereign immunity, the claims against Frank Denning under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and the claims against Officer Rokusek under *Heck v. Humphrey*, 512 U.S. 477 (1994). On appeal, Mr. Wilson does not raise any error in the district court's *Heck* analysis; his brief reads more like an application for post-conviction relief. He merely maintains that he did not drive the service vehicle into Officer Rokusek, seeking to buttress his claim for excessive force. Mr. Wilson does not appeal the district court's determination regarding the governmental-entity defendants or Mr. Denning.

Civil actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. Under *Heck*, a plaintiff

may "not bring a civil-rights claim for damages under § 1983 based on actions whose unlawfulness would render an existing criminal conviction invalid." *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015). A claim of excessive force does "not necessarily imply the invalidity" of a conviction for assaulting the officer. *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1126 (10th Cir. 1999). As a result, we must "compare the plaintiff's allegations to the offense he committed." *Havens*, 783 F.3d at 782. An excessive-force claim must be barred in its entirety if the suit squarely challenges the factual determination that underlies the plaintiff's conviction. *Id*. at 783.

Mr. Wilson's § 1983 claim is precisely the kind of suit barred by *Heck*. Under Kansas law, a person commits battery against a law enforcement officer if he intentionally or recklessly caused bodily harm to a properly identified officer engaged in the performance of his duty. R. Vol. 1 at 273 (jury instruction); *see also* Kan. Stat. Ann. § 21-5413(a). Mr. Wilson was thus convicted of causing bodily harm to Officer Rokusek. Neither his complaint nor his opening brief alleges that Officer Rokusek's use of force was excessive in response to a battery. Rather, he contends that Officer Rokusek's use of force was unreasonable because he was not in the path of the service vehicle. These allegations could not support the elements of battery against a law enforcement officer under Kansas law *and* the factual basis for Mr. Wilson's conviction. Mr. Wilson "does not present an alternative scenario consistent with his [battery] conviction," *Havens*, 783 F.3d at 783–84 — his only

3

theory of relief is based on his innocence, which is a theory barred by *Heck*, *see id.* at 784. We therefore affirm the district court's dismissal of his suit.

Mr. Wilson has moved to proceed without prepayment of court fees. To succeed on this motion, he must show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Here, the district court thoroughly discussed the deficiencies of Mr. Wilson's complaint under *Heck*. Mr. Wilson does not attempt to put forth any reasoned and nonfrivolous arguments showing error in the district court's analysis, opting instead to challenge the factual basis for his battery conviction. Accordingly, we find his appeal frivolous and deny the motion. We have previously assessed a filing fee of $505.00 and directed partial payments from Mr. Wilson's prison trust account. Mr. Wilson is directed to pay the outstanding balance of the filing fee to the clerk of the district court forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

4