# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-1253

_____

Joseph R. Flying Horse

*Plaintiff - Appellant*

v.

James Hansen, Parole Agent, Sued in his Official and Individual Capacities; Doug Clark, Supervising Parole Agent, Sued in his Official and Individual Capacities; Krista Bast, Case Manager, Sued in her Official and Individual Capacities; Seth Hughes, Unit Coordinator, Sued in his Official and Individual Capacities; Darin Young, Warden, of the South Dakota State Penitentiary, Sued in his Official and Individual Capacities; Denny Kaemingk, Secretary of Corrections, Sued in his Official and Individual Capacities; Miranda Ward, SDSP Case Manager, Sued in her Official and Individual Capacities; Riley DeGroot, SDSP Case Manager, Sued in his Official and Individual Capacities; Troy Ponto, SDSP Associate Warden, Sued in his Official and Individual Capacities; Darik Beiber, SDSP Unit Manager, Sued in his Official and Individual Capacities; Val McGovern, Board Staff, Sued in her Official and Individual Capacities; Stacy Cole, Board Staff, Sued in her Official and Individual Capacities; Kayla Stucky, Board Staff, Sued in her Official and Individual Capacities; Ashley McDonald, DOC Attorney, Sued in her Official and Individual Capacities; Pennington County, Respondeat Superior, for Pennington County State's Attorney Office; South Dakota Department of Corrections; South Dakota Board of Pardons and Paroles

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: June 15, 2017
Filed: June 23, 2017
[Unpublished]
_____

Before BENTON, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate Joseph Flying Horse appeals after the district court dismissed his pro se 42 U.S.C. § 1983 complaint pre-service in December 2016, on the ground that it was barred under Heck v. Humphrey, 512 U.S. 477 (1994). The district court also denied his post-judgment Federal Rule of Civil Procedure 60(b) motion. Upon de novo review, we reverse in part, affirm in part, and remand the case for further proceedings. See Colbert v. City of Monticello, Ark., 775 F.3d 1006, 1007 (8th Cir. 2014) (per curiam) (dismissal of claim under Heck is reviewed de novo).

Mr. Flying Horse, who was arrested while on parole, asserted several claims against multiple defendants, but primarily asserted that his due process rights were violated when a "Parolee Detainer" that had been placed on him expired, and he was illegally confined with no detainer in place, no pending criminal charges, and no parole-revocation judgment entered against him. Mr. Flying Horse has indicated to this court that a parole-revocation judgment has been entered since the district court's dismissal of his complaint.

To the extent Mr. Flying Horse's complaint and filings can be construed as requesting his release from confinement, such relief is available only through a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (habeas corpus is exclusive remedy for prisoner challenging fact or length of confinement). To the extent he sought damages for his confinement after the

revocation of his parole, we conclude that <u>Heck</u> applies, because--as to that time period--a judgment in his favor would render the parole revocation invalid. <u>See</u> <u>Heck</u>, 512 U.S. at 486-87 (to recover damages for allegedly unconstitutional conviction or imprisonment in proceeding that would render conviction or sentence invalid, plaintiff must prove that conviction or sentence was reversed, expunged, declared invalid, or called into question); <u>Newmy v. Johnson</u>, 758 F.3d 1008, 1011-12 (8th Cir. 2014) (<u>Heck</u> applied to plaintiff's § 1983 action challenging constitutionality of parole revocation and subsequent extended incarceration). In addition, we conclude that the district court did not abuse its discretion in denying Mr. Flying Horse's Rule 60(b) motion, as we agree with the reasons set forth in that denial. <u>See</u> <u>Noah v. Bond Cold Storage</u>, 408 F.3d 1043, 1045 (8th Cir. 2005) (denial of Rule 60(b) motion reviewed for abuse of discretion). Thus, we affirm in part.

However, to the extent Mr. Flying Horse sought damages for the time period from when the detainer expired, until when his parole was revoked, we conclude that <u>Heck</u> does not apply, because--as to that time period--a favorable judgment on his section 1983 claims would not render invalid his parole revocation or any other conviction, sentence, or judgment. <u>See</u> <u>Heck</u>, 512 U.S. at 486-87; <u>cf.</u> <u>Gerstein v. Pugh</u>, 420 U.S. 103, 119 (1975) (arrest and detention without probable cause does not void subsequent conviction); <u>United States v. Davis</u>, 785 F.2d 610, 616 (8th Cir. 1986) ("It has been held time and again that an illegal arrest and detention, without more, does not void a subsequent prosecution."). Thus, we reverse in part, and we remand the case to the district court for further proceedings.[1]

---

[1]We express no opinion as to whether any defendant or claim may be subject to dismissal for any other reason. <u>See</u> <u>Schweiss v. Chrysler Motors Corp.</u>, 922 F.2d 473, 476 (8th Cir. 1990) (noting benefit of having district court address issue in first instance).