# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3824
_____

Krishonn Cooney

*Plaintiff - Appellant*

v.

State of Arkansas; Taylor Doobie, Officer, Morrilton Police Department; Nathan Watkins, Officer, Morrilton Police Department; Willcut, Detective

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: January 26, 2022
Filed: February 1, 2022
[Unpublished]
_____

Before KELLY, GRASZ, and STRAS, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Krishonn Cooney appeals the district court's preservice dismissal of his 42 U.S.C. § 1983 action, in which he claimed his rights were violated by illegal searches. The district court found that Cooney's claims were barred by

*Heck v. Humphrey*, 512 U.S. 477 (1994), based on state court convictions which arose from evidence discovered in the searches.

Initially, we grant Cooney leave to proceed in forma pauperis. *See Henderson v. Norris*, 129 F.3d 481, 484–85 (8th Cir. 1997). As to the merits, upon careful review, *see Colbert v. City of Monticello, Ark.*, 775 F.3d 1006, 1007 (8th Cir. 2014) (reviewing de novo a dismissal of claim under *Heck*), we conclude Cooney's claims were not *Heck*-barred, as his arguments that the searches lacked probable cause do not necessarily call into question the validity of his state court convictions, *see Heck*, 512 U.S. at 487 n.7 (noting "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction"). Accordingly, we reverse and remand to the district court for further proceedings.[1]

———————————————

---

[1]We express no opinion as to whether any defendant or claim may be subject to dismissal for any other reason, including if it becomes clear that Cooney's only alleged injury "encompass[es] the 'injury' of being convicted and imprisoned." *See Heck*, 512 U.S. at 487 n.7; *see also Schweiss v. Chrysler Motors Corp.*, 922 F.2d 473, 476 (8th Cir. 1990) (noting benefit of having district court address issue in first instance).